**PHARMACEUTICAL MANUFACTUR-
ERS ASSOCIATION et al.,
Plaintiffs,**

v.

**John W. GARDINER et al., Defendants.**

**Civ. A. No. 2500–66.**

United States District Court
District of Columbia.

Oct. 20, 1966.

Gerhard A. Gesell, Washington, D. C., for plaintiffs.

Joseph M. Hannon, Asst. U. S. Atty., Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

This matter is before the Court at this time on cross motions for summary judgment. The action is brought by a group of manufacturers of pharmaceutical products and similar commodities against the Secretary of Health, Education and Welfare and the Commissioner of Food and Drugs for a declaratory judgment and an injunction, the effect of which, if granted, would be to halt the progress of a rule-making proceeding that is pending before the Commissioner of Food and Drugs.

The governing statute prescribes a course of procedure to be followed in the adoption and promulgation of rules by the Commissioner of Food and Drugs, with the approval of the Secretary of Health, Education and Welfare. Title 21 Section 371 of the United States Code in effect requires the following steps. First, if the Secretary proposes to issue a regulation or to amend or repeal any regulation he is to commence the proceeding, by publishing a proposal, and then he is to afford all interested persons an opportunity to present their views thereon orally or in writing. After this stage is concluded, the Secretary is to act upon the proposal by an order and make the order public. The order is to become effective at such time as may be specified therein, but not prior to the day

following the last day on which objections may be filed.

The statute further provides that any person who will be adversely affected by the order may file objections within thirty days. The filing of the objections operates as a stay of the effectiveness of those provisions of the order to which the objections are interposed. Thereafter, after the objections are filed, the Secretary is required to hold a public hearing or hearings for the purpose of receiving evidence relevant and material to the issues raised by the objections. At the hearing any interested person may be heard in person or by representative. After the completion of the hearings, the Secretary acts upon the objections and issues a final order. It may not become effective prior to the ninetieth day after its publication, unless the Secretary finds that emergency conditions exist.

The final order is subject to judicial review by the appropriate United States Court of Appeals. Such a review may be obtained by any person who will be adversely affected by the order by filing a petition with the Court of Appeals prior to the ninetieth day after the order is issued.

In this instance the Secretary inaugurated a rule-making proceeding for the purpose of regulating the composition and labeling of vitamins and similar products. It has reached the stage at which a proposed order has been published, opportunity has been granted for the filing of objections and hearings are about to commence. The plaintiffs claim that the Secretary has violated the statutory requirements by omitting the first stage prescribed by the statute, namely, issuing and publishing a proposal and affording all interested persons an opportunity to present their views prior to the issuance of the order. The fact is undisputed that a proposal was submitted. There is a controversy between the parties as to whether the order subsequently issued was broader than the original proposal. This dispute may involve an issue of fact, but the disposition that the Court is about to reach eliminates that issue if it would otherwise exist.

■ It must be observed that this action, which seeks an adjudication and injunction on the basis that further proceedings in the matter before the Food and Drug Administration are illegal and violative of the statute in that, as previously stated, the first stage prescribed by law was omitted, does not relate to an adjudicatory administrative proceeding but is directed to a rule-making proceeding. The difference is not merely a difference in fact but is a distinction in principle. The plaintiffs and all other interested parties will have full opportunity to present evidence and objections at the forthcoming hearings to the same extent that they had in respect to the original proposal. In other words, their rights to object are not affected by what they claim is a violation of the procedure prescribed by law. Eventually they may have recourse to judicial review in the United States Court of Appeals. To be sure, the statute provides that the remedy by review in the United States Court of Appeals is not exclusive but shall be in addition to, and not in substitution for, any other remedies provided by law. The question, however, is whether the District Court should interject and enjoin the progress of this rule-making proceeding during its pendency. The Court is of the opinion that it would be inappropriate for it to do so.

■ It is a general rule that even in adjudicatory proceedings, the person aggrieved must exhaust his administrative remedies before seeking a court review from the final decision. The Court knows of no case, and none has been cited, in which an injunction has been issued against the progress of a rule-making proceeding.

As has been stated before, the plaintiffs and all other interested parties will have a full and complete opportunity to present evidence and argue objections at the forthcoming hearings. It may well be that on the basis of evidence or objections that may be submitted by the plaintiffs or other interested parties, the

proposed order may be modified before it is issued in final form and, if so, the plaintiffs will not have been aggrieved. From this point of view this action is premature.

The Court concludes that it should not interfere with the progress of the rule-making proceeding. Consequently the plaintiffs' motion for summary judgment is denied and the defendants' motion for similar relief is granted. Counsel may present an order accordingly. ·

The Court is indebted to both counsel for a very able, helpful, and exhaustive presentation.